UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL KIRKLAND,<br><br>    Plaintiff,<br><br>  v.<br><br>EMHART GLASS, S.A., et al.,<br><br>    Defendants. | CASE NO. C10-5125BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Michael Kirkland's ("Kirkland") Motion for Partial Summary Judgment re: Defendant Emhart Glass' Nondelegable Duty to Design a Reasonably Safe Product. Dkt. 32. The Court has considered the pleadings filed in support of and in response to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

Kirkland's motion argues that, as a matter of law, Defendants have a nondelegable duty to design a reasonably safe product. Dkt. 32. In their response to Kirkland's motion, Defendants state that they do "not disagree that [Defendants have] a duty to design a reasonably safe product, and assert[] that [they] satisfied that duty as the subject AIS machine is reasonably safe as designed." Dkt. 61. However, Defendants then state that Kirkland's motion should be denied because his motion seeks to exclude relevant evidence regarding industry standards and practice, "including the knowledge of and actions by non-parties . . . [that] should be admitted for the jury's consideration of Plaintiff's claim of defective design." *Id*. In his reply, Kirkland states that the Court should grant his motion as Defendants agree in their response that they have a nondelegable duty to design a reasonably safe product. Dkt. 66. Further, Kirkland states

ORDER - 1

that his motion did not raise any evidentiary issues but simply sought to establish a rule of law. *Id.* Kirkland then addresses the evidentiary issues referred to in Defendants' response. *Id.*

Under the Washington Product Liability Act, manufacturers have a duty to design products that are reasonably safe. RCW 7.72.030(1). Manufacturers may not delegate this duty. *Wagner v. Beech Aircraft Corp.*, 37 Wn. App. 203, 209 (1984) (citing *Olch v. Pac. Press & Shear Co.*, 19 Wn. App. 89, 96 (1978)). Further, "a manufacturer cannot delegate to the buyer its responsibility to equip an otherwise dangerous machine with safety guards." *See Anderson v. Dreis & Krump Manufacturing Corp.*, 48 Wn. App. 432, 440 (1987).

Having considered the parties' briefing, including Defendants' lack of opposition to Kirkland's request that the Court hold, as a matter of law, that Defendants have a nondelegable duty to design a reasonably safe product, the Court concludes that Kirkland's motion for partial summary judgment should be granted. In addition, the Court notes that it will address the parties' dispute regarding the applicability of Rule 407 of the Federal Rules of Evidence to Cameron's conduct involving subsequent remedial measures in its order on Defendants' motion for partial summary judgment. Moreover, the Court concludes that if the parties intend for the Court to further address any other evidentiary issues discussed in Defendants' response (Dkt. 61) and Kirkland's reply (Dkt. 66) to the instant motion, those issues may be brought before the Court in the form of motions in limine prior to trial.

Therefore, it is hereby **ORDERED** that Kirkland's motion for partial summary judgment (Dkt. 32) is **GRANTED** as discussed herein.

DATED this 14th day of April, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2